UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GODBORN DRAYTON,

                          Plaintiff,                    **AMENDED VERIFIED COMPLAINT**

    -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE RAYMOND
A. GORDON, DETECTIVE LUIS AROCHO,
DETECTIVE ROBERT CURLEY, DETECTIVE
LORNE KANOVER, DETECTIVE ALEXANDER
ANGHEL, DETECTIVE ADRIAN CHATMAN,
DETECTIVE TODD CRACCO, and DETECTIVE
THOMAS WRIGHT,

                          Defendants.
-----------------------------------------------------------------------X

Plaintiff herein, by their attorneys, Ross and Hill, complaining of the above-named defendants, alleges the following upon information and belief.

1. That plaintiff is a citizen of the United States of America and is entitled to the full protection of the laws and the Constitution of the United States of America.

2. Defendant, The City of New York, is a municipal corporation duly incorporated and existing under and by virtue of the laws of the State of New York.

3. The Police Department of The City of New York is an agency acting on behalf of The City of New York and engaged by The City of New York to perform police duties and to protect the health, welfare, property and safety of the residents of The City of New York.

4. That at all times herein mentioned defendant, The City of New York, its agents, servants and employees operated, maintained and controlled the Police Department.

5. That at all times herein mentioned defendant, Detective Raymond A. Gordon was a police officer employed by the New York City Police Department and at all times herein

mentioned was acting in the scope of his employment as a police officer

6. That at all times herein mentioned defendant, Detective Luis Anocho was a police officer employed by the New York City Police Department and at all times herein mentioned was acting in the scope of his employment as a police officer.

7. That at all times herein mentioned defendant, Detective Robert Curley was a police officer employed by the New York City Police Department and at all times herein mentioned was acting in the scope of his employment as a police officer.

8. That at all times herein mentioned defendant, Detective Lorne Kanover was a police officer employed by the New York City Police Department and at all times herein mentioned was acting in the scope of his employment as a police officer.

9. That at all times herein mentioned defendant, Detective Alexander Anghel was a police officer employed by the New York City Police Department and at all times herein mentioned was acting in the scope of his employment as a police officer.

10. That at all times herein mentioned defendant, Detective Adrian Chatman was a police officer employed by the New York City Police Department and at all times herein mentioned was acting in the scope of his employment as a police officer.

11. That at all times herein mentioned defendant, Detective Todd Cracco was a police officer employed by the New York City Police Department and at all times herein mentioned was acting in the scope of his employment as a police officer.

12. That at all times herein mentioned defendant, Detective Thomas Wright was a police officer employed by the New York City Police Department and at all times herein mentioned was acting in the scope of his employment as a police officer.

13. This action arises under the laws of the United States, particularly under the Civil Rights

Case 1:15-cv-04951-RRM-SMG   Document 21   Filed 05/16/16   Page 3 of 6 PageID #: 53

Act, Title 42 of the United States Code, Sections 1981, 1983 and 1988.

14. This Court has jurisdiction under the provisions of Title 8 of the United States Code, Sections 1331 and 1338.

## AS AND FOR A FIRST CAUSE OF ACTION

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 14 of this complaint with the same force and effect as though fully set forth herein at length.

16. On May 25, 2013 at approximately 6:00 AM plaintiff was in his house at 60 Saint Edwards Street, Kings County, City and State of New York, when New York City Police officers including defendants, detectives Raymond A. Gordon, Luis Arocho, Lorne Kanover, Alexander Anghel, Adrian Chatman, Todd Cracco, and Thomas Wright forcibly entered the apartment.

17. After entering the apartment the police officers detained the plaintiff and handcuffed the plaintiff.

18. Police officers initiated physical contact with plaintiff, used excessive force, and injured plaintiff.

19. That at the time all of the above acts occurred, plaintiff was entitled to all rights guaranteed to them under the United States Constitution and all amendments and hereto, including the right to be secure in their person; to be free of unreasonable search and seizure; not to be deprived of life, liberty or property without due process of law; not to be subject to cruel and unusual punishment and not to be deprived of his right to equal protection.

20. It is alleged that all of the acts alleged hereinabove was violations of plaintiff' civil rights

as enumerated in the previous paragraph, under 42 United States Code, Sections 1981 and 1983.

21. The acts complained of herein were carried out by the aforementioned police officers in their capacities as police officers and officials, with actual and apparent authority attendant thereto.

22. The acts complained of herein were carried out by the aforementioned police officers in their capacities as police officers and officials, under color of law.

23. The acts complained of herein was carried out by the aforementioned police officers in their capacities as police officers and officials pursuant to the customs, policies, and practices, of the City of New York and the Police Department of the City of New York, all under the supervision of ranking officers of said Department.

24. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and Police Department of the City of New York include, but are not limited to, the following unconstitutional practices: fabricating evidence against innocent, erroneously arrested persons; arresting innocent persons; using excessive, unwarranted force against arrestees; jailing innocent arrestees; prosecuting innocent arrestees.

25. The foregoing customs and practices, procedures and rules of the City of New York and the Police Department of the city of New York constituted a deliberate indifference to the safety and, well-being and of the Constitutional Rights of the general public, and specifically of plaintiff herein.

26. The foregoing customs, policies and practices, procedures and rules of the City of New York and the Police Department of the City of New York was the direct and proximate cause of the Constitutional violations suffered by plaintiff as alleged herein.

27. As a result of the foregoing plaintiff has suffered compensatory damages in the amount of $10,000,000.00; plaintiff is also each entitled to exemplary damages in the amount of $5,000,000.00 and an award of attorney's fees and all other costs and fees arising from the violations of plaintiff civil rights.

WHEREFORE, plaintiff demands judgment against the defendants in the amount of $10,000,000.00 in compensatory damages $5,000,000.00 in exemplary damages along with interest, costs, disbursements and attorneys' fees.

_____
Adam Hill, Esq. of
ROSS AND HILL, ESQS.
Attorneys for Plaintiff
16 Court Street, 35th Floor
Brooklyn, New York 11241
718-855-2324

STATE OF NEW YORK, COUNTY OF KINGS ) s.s.:

Godborn Drayton, being duly sworn, deposes and says:

I am the plaintiff in the within action, have read the foregoing AMENDED **COMPLAINT** and know the contents thereof;  that same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief and as to those matters, I believe it to be true.

_____
Godborn Drayton

Sworn to before me this
9th day of May, 2016

_____
Notary Public

DENISE FELIPE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01FE6203064
Qualified in Queens County
My Commission Expires March 30, 2017